**In the Matter of Richard A. JONES, Petitioner.**

**No. 49S00–0103–DI–165.**

Supreme Court of Indiana.

June 3, 2008.

*ORDER GRANTING REINSTATEMENT TO THE PRACTICE OF LAW*

While this disciplinary action was pending, Petitioner submitted an "Affidavit of Resignation," pursuant to Indiana Admission and Discipline Rule 23(17). The Court accepted Petitioner's resignation on June 29, 2001, resulting in Petitioner's ineligibility to seek reinstatement for five years. *See* Admission and Discipline Rule 23(4). Petitioner filed a petition for reinstatement on January 11, 2007. On January 11, 2008, the Indiana Supreme Court Disciplinary Commission, pursuant to Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner be reinstated to the practice of law in this State.

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his [or her] privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken the Multistate Professional Responsibility Examination (MPRE) within six (6) months before or after the date the petition for reinstatement is filed and passed with a scaled score of eighty (80) [or above].

Admis. Disc. R. 23(4)(b).

This Court, being duly advised, finds that the recommendation of the Commission should be accepted. The Court therefore GRANTS the petition for reinstatement and REINSTATES Petitioner as a member of the bar of this State.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to Petitioner, to the Indiana Supreme Court Disciplinary Commission, and to all other entities entitled to notice of actions related to suspensions under Admission and Discipline Rule 23(3)(d).

SULLIVAN, BOEHM, and RUCKER, JJ., concur.

SHEPARD, C.J., and DICKSON, J., dissent.

DICKSON, Justice, dissenting.

Six months after his federal felony conviction for Conspiracy to Defraud the United States, the petitioner submitted his resignation from the practice of law in Indiana and thereby avoided prosecution by the Indiana Supreme Court Disciplinary Commission and the very substantial probability of resulting disbarment.

A person who has resigned from law practice in Indiana may petition for reinstatement after five years, but such petition may be granted only if the person satisfies each of several enumerated prerequisite conditions by clear and convincing evidence. Ind. Admission and Discipline Rule 23(4)(a) and (b). One of these prerequisites, number (7), presents an enormous obstacle to a person's reinstatement after a felony conviction:

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts[.]

Admin. Disc. R. 23(4)(b)(7).

Choosing to engage in conduct that constitutes a felony speaks volumes about a

person's judgment, trustworthiness, responsibility, and respect for law and the legal profession. Even for persons who are not yet attorneys, this Court expressly recognizes, as provided in Indiana Admission and Discipline Rule 12, Section 2, that a felony conviction constitutes presumptive proof that a person lacks "the requisite of good moral character" necessary for admission to practice law.

The qualities of mercy and forgiveness favor accommodating the petitioner's desire for restoration to the legal profession. But outweighing this is our responsibility to protect citizens from the risk of probable harm. Once a person, especially one who has been granted the privilege of admission to the bar, dishonors the law by committing a felony, it seems extremely doubtful that he or she can thereafter again be safely entrusted with the lives and interests of others—the essence of the practice of law.

The petitioner has not persuaded me, and definitely not by clear and convincing evidence, that he "can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts." Adm. Disc. R. 23(4)(b)(7). For this reason, I dissent to his reinstatement.

SHEPARD, C.J., joins.